IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DANIEL ALEX, | CV 25-15-GF-DWM |
| Plaintiff, | |
| vs. | ORDER |
| RIC MUNFRADA, ANITA STEVENSON, and JAMES STEVENSON, | |
| Defendants. | |

Plaintiff Daniel Alex has filed a Complaint related to custody of his children. (Doc. 2.) The Complaint is dismissed for failure to state a claim. Amendment would be futile.

## I.  STATEMENT OF THE CASE

### A.    Parties

Alex is incarcerated at Crossroads Correctional Center, Shelby, Montana. He is proceeding in forma pauperis and without counsel. He has named as defendants Ric Munfrada of the Hill County Sheriff's Dept., and private citizens Anita and James Stevenson, who are the grandparents of Alex's child.

### B.  Allegations

Alex alleges that on August 28, 2020, he called 911 because he believed the mother of his child need emergency mental health treatment. (Doc. 2 at 6.) She

was, in fact, sent for hospital care, and the child was placed with the Stevenson

defendants. (He does not explain in detail what happened that day with the mother

or the child.) The following day, Alex went to the Hill County Sheriff's

Department to find out where his child was. He spoke with Defendant Munfrada,

who informed him that the child was with the Stevensons. Alex asked Munfrada to

accompany him to the Stevensons' house to get the child, but Munfrada refused.

(Doc. 2 at 7.) The interaction with Munfrada got heated, and Alex alleges that

Munfrada threatened him with violence.

Subsequently, Alex attempted to see his child through contact with the

Stevensons, but he was not able to do so. (Doc. 2 at 7.) He has not spoken with the

child since.

Alex alleges violations of the 14th Amendment Due Process and Equal

Protection Clauses, and the Fifth and Ninth Amendments. (Doc. 2 at 8 – 26.)

Alex seeks over $16 million in damages. (Doc. 2 at 27 – 28.)

**II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A**

Alex is a prisoner proceeding against a governmental defendant, so the

Court must review his Complaint under 28 U.S.C. §1915A. Section 1915A(b)

requires the Court to dismiss a complaint filed in forma pauperis and/or by a

prisoner against a governmental defendant if it is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

For the following independent reasons, Alex's Complaint must be dismissed.

### A. Claims against Munfrada are barred by the statute of limitations.

Because 42 U.S.C. § 1983 contains no statute of limitations, federal courts apply the state statute of limitations governing personal injury actions. *Wilson* v. *Garcia,* 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204(1). Therefore, the statute of limitations on any claim regarding acts in 2020 expired in 2023.

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (*quoting Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (*quoting Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

All of Alex's allegations regarding Munfrada's conduct occurred around August 28 and 29, 2020. Alex alleges no single fact related to Munfrada that

postdates that timeframe. Even if the Court intended to liberally construe the time frame, Alex's claims are well over three years old. Thus, the claims against Munfrada are barred by the statute of limitations and must be dismissed.

### B. Alex fails to state a federal claim against Munfrada

In event, Alex does not state a federal claim against Munfrada for these acts.

Alex's Fourteenth Amendment due process claim alleges that Munfrada's refusal to help him find his child and threat of violence on the day Alex asked him violated his rights. (Doc. 2 at 9.) Alex alleges that Munfrada's behavior "led to fear and emotional distress affecting the Plaintiff's PTSD, the preventing the Plaintiff from exercising his constitutional right to parent his child." (Doc. 2 at 7.) This threat was interference with Alex's rights, before a hearing could be held on the custody of the child. (Doc. 2 at 9.) This conclusion makes neither logical nor legal sense. Alex alleges for the rest of his Complaint that it was the Stevensons who thwarted his ability to see his child, and that the courts became involved. He does not plausibly allege that Munfrada's actions in denying assistance on one day was the cause of his inability to "exercise his right to parent." Alex does not explain any of the legal proceedings that occurred, but some did.[1] Alex has not plausibly

---

[1] The Court takes judicial notice of the Montana Supreme Court's opinion in *Alex v. State*, OP 22-0385 (Aug. 2, 2022), in which some information about Alex's custody proceedings is discussed. Alex also refers to court proceedings in his Complaint. (Doc. 2 at 20.)

alleged that Munfrada's conduct on one day was the legal cause of his inability to gain custody of his child. Just because Munfrada would not help Alex with an issue that may have touched on Alex's constitutional rights does not mean that Munfrada independently violated Alex's constitutional rights. Alex fails to state a federal claim against Munfrada.

As to Alex's equal protection claim against Munfrada, he relies on the same facts to allege that his rights were violated because Munfrada did not help Alex get the child back from the grandparents. (Doc. 2 at 12.) The equal protection aspect of this claim is unclear, but he cites *Stanley v. Illinois*, 405 U.S. 645 (1972) in this section of his brief. *Stanley* dealt with an Illinois statute that specifically discredited the parental rights of unwed fathers. Alex has alleged no facts that Munfrada had a role in treating Alex differently from other people based on his gender, since, presumably, the child's grandfather would be in the same protected class as Alex himself.  Alex's Complaint fails to state a claim for an equal protection violation.

Alex also asserts violations of the Fifth and Ninth Amendments against Munfrada, but those claims fail as well. Alex's Fifth Amendment claim is redundant to his Fourteenth Amendment claim, as it is a claim of violation of his right to due process, which, as alleged against a state actor, is a Fourteenth Amendment claim. Alex cites *Stanley v. Illinois*, 405 U.S. 645 (1972) in this

section of his brief, and a review of that case shows that its analysis, too, relies on the Fourteenth, and not Fifth, Amendment.

As to the Ninth Amendment, it has not been interpreted by the Ninth Circuit as independently supporting a claim for a constitutional violation. *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991). "The Supreme Court has repeatedly voiced concern that a section 1983 claim be based on a specific constitutional guarantee." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). Alex fails to state a Ninth Amendment claim.

### C. No viable § 1983 action against the Stevensons

Alex fails to state a claim against the Stevensons, because § 1983 does not provide a cause of action against private individuals. As relevant here, 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State […], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[..]

Therefore, a claim under § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) *acting under color of state law*." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted, emphasis added). "The

ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

Alex has alleged no facts that plausibly show that the Stevensons' actions, as the child's grandparents, are "fairly attributable to the State." They were family members, and their conduct derived from the familial relationship. Alex fails to state claims against the Stevensons.

### D. No appellate authority over state courts.

This Court does not have appellate authority over the state courts, which is apparently what Alex seeks, at least in part. (Doc. 2 at 20 (citing a Montana state district court case.)) Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Fiedler v. Clark*, 714 F. 2d 77, 78-79 (9th Cir. 1983) (a federal court may dismiss *sua sponte* a complaint for lack of subject matter jurisdiction).

Federal district courts do not have appellate jurisdiction over state court judgments. See 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "a losing party in state court is barred from seeking

what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Bennett v. Yoshina*, 140 F. 3d 1218, 1223 (9th Cir. 1998) (quoting *Johnston v. DeGrandy*, 512 U.S. 997, 1005-06 (1994)).

*Rooker-Feldman* serves as a jurisdictional bar in a suit that is a "de facto appeal from a state court judgment," *Kougasian v. TMSL, Inc*., 359 F. 3d 1136, 1139 (9th Cir. 2004), when federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.,* 525 F. 3d 855, 859 (9th Cir. 2008).

The *Rooker-Feldman* doctrine precludes federal subject-matter jurisdiction over claims involving state court judgments when four factors are met: (1) the plaintiff lost in the state court; (2) the state court judgment was rendered before the filing of the federal claim; (3) the plaintiff complains of injuries caused by the state court judgment; and (4) the plaintiff's complaint invites the district court to review and reject the judgment of the state court. *Exxon Mobil Corp*., 544 U.S. at 284.

In the present case, all factors are met, though the exact details are not clear, because the state court order is not the main thrust of Alex's claims; it is, however, ultimately, the legal cause of Alex's loss of custody. Alex disagrees with the

outcome of his custody proceeding and seeks the intervention of this Court to some

degree, whether it is to determine that Defendants' conduct in those state court

proceedings was wrong, or that the judge was wrong. This Court will not consider

any issue that would undermine or contradict the conclusions of the state court,

especially as it concerns child custody, a state law matter best left to the state

courts in any event. Thus, all factors are met. To the extent Alex seeks relitigation

of any of the issues involved in his state court judicial proceedings, his claims are

barred by the *Rooker-Feldman* doctrine.

### III. CONCLUSION

28 U.S.C. § 1915A requires a court to dismiss a complaint that fails to state

a claim upon which relief may be granted, but does not deprive the district court of

its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127

(9th Cir. 2000). Leave to amend can be declined if "it determines that the pleading

could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at

1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In this case,

given the facts alleged in the Complaint, amendment could not cure its

deficiencies.

Accordingly, it is HEREBY ORDERED:

1.    This matter is DISMISSED for failure to state a claim, lack of

jurisdiction, and is barred by the statute of limitations. The Clerk of Court is

directed to enter judgment pursuant to F. R. Civ. P. Rule 58. All pending motions are DENIED as moot.

2.     The Clerk of Court shall have the docket reflect that this dismissal counts as a strike against Alex within the meaning of 28 U.S.C. § 1915.

3.     The Court certifies that any appeal of this decision would not be taken in good faith.

DATED this 23rd day of April, 2025.

_____
Donald W. Molloy, District Judge
United States District Court